IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br><br><br>    vs.<br><br><br>JANELL M. TURNBOW,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO REDUCE/MODIFY SENTENCE<br><br><br><br>Case No. 2:07-CR-170 TS |

This matter is before the Court for consideration of Defendant's Motion to Reduce/Modify Sentence.[1]  For the reasons discussed below, the Court will deny Defendant's Motion.

I.  BACKGROUND

A nine-count Indictment was brought against Defendant and two co-defendants on March 14, 2007, alleging: (1) violation of 18 U.S.C. § 1349, conspiracy to commit bank fraud; and (2)-(9) violations of 18 U.S.C. § 1344, bank fraud.  On August 1, 2007, Defendant pleaded guilty to

_____

[1]Docket No. 99.

1

count one of the Indictment—conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349. Defendant was sentenced on October 27, 2007, to a period of 12 months and 1 day in the custody of the Bureau of Prisons, to be followed by a 36-month term of supervised release. Defendant was ordered to pay restitution in the amount of $17,587.83 jointly and severally with her co-defendants. On April 12, 2011, the Court granted Defendant and the Government's stipulation for installment payments, pursuant to which Defendant was allowed to make installment payments of $50 per month for a period of 24 months.[2]

Defendant indicates that she was released from custody in March of 2008 and began making restitution payments in April of 2008. Defendant asserts that she has continued to make monthly restitution payments of $50 a month since that time. Defendant alleges that, at the time of filing of the instant Motion, she had paid over $2,150 towards the original restitution amount. According to Defendant, she has made continuous payments towards the restitution owed while her co-defendants have not.

Through this Motion, Defendant requests that the Court review the joint and several nature of the restitution award in this case and divide the restitution still owed between the co-defendants.

## II.  DISCUSSION

Procedures for issuance and enforcement of orders of restitution are governed by 18 U.S.C. § 3664. Section 3664(*o*) provides that "[a] sentence that imposes an order of restitution is a final judgment." That same section goes on to instruct that "such a sentence can subsequently

---

[2]*See* Docket Nos. 93, 94.

be—(A) corrected under Rule 35 of the Federal Rules of Criminal Procedure and section 3742 of

chapter 235 of this title; (B) appealed and modified under section 3742; (C) amended under

subsection (d)(5); or (D) adjusted under section 3664(k), 3572, or 3613A."

Here, Defendant is not seeking to correct the restitution order under Rule 35 or directly

appeal the restitution order under § 3742.  Section 3664(d)(5) is similarly inapplicable.[3]  Section

3664(k) does not grant Defendant any relief as Defendant is not seeking to adjust the payment

schedule, rather she is seeking to adjust the total amount for which she can be found liable.

Sections 3572 and 3613 set forth methods of recovery by the Government and, thus, fail to

provide Defendant the result she seeks.

In sum, because the Court's restitution order of October 27, 2007, is a final judgment and

Defendant is not seeking an action allowed under § 3664(*o*), the Court will deny Defendant's

Motion.

### III.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Reduce/Modify Sentence (Docket No. 99) is

DENIED.  The Clerk of Court is instructed to close this case forthwith.

---

[3]*See* 18 U.S.C. § 3664(d)(5) (allowing 90 days after sentencing to determine victim's losses where not ascertainable 10 days before sentencing and allowing victim 60 addition days to petition court for amended restitution if further losses are discovered).

DATED   April 10, 2012.

BY THE COURT:


_____
TED STEWART
United States District Judge